**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALIUSKA MARIN GUERRA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1665-R** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Aliuska Marin Guerra, a citizen of Cuba proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging her detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release her from custody.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner alleges she is citizen of Cuba who entered the United States on January 17, 2025. (Doc. 1, at 4).

- Petitioner alleges she was given authorization to enter the United States through parole. (*Id.*) Petitioner was issued a Form I-94 on January 18, 2025, with an "admit until date" of January 16, 2027. (*Id.* at Ex. 1, at 2). She also alleges she applied for adjustment of status under the Cuban Adjustment Act. (Doc. 1, at 4).

- Petitioner alleges she was detained by ICE on February 20, 2026, because she was driving without a driver's license. (*Id.*)

- Petitioner asserts she "will not be given a bond" and that "ICE is not offering [her] to be released on parole." (*Id.* at 1).

- Petitioner's immigration proceedings are ongoing. Petitioner was ordered removed by an Immigration Judge on June 30, 2026, but Petitioner has a pending appeal of her order of removal. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Sept. 20, 2026). Thus, she is not subject to a final order of removal.

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 2).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. Her prolonged detention violates the Fifth Amendment. (Doc. 1, at 4-5).

2. Her detention violates "implementing regulations." (*Id.* at 5).

As relief, Petitioner requests her immediate release from custody. (*Id.*)

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that "this matter is controlled by" the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (Doc. 8, at 1). "Respondents request that any order be limited to ordering a bond hearing within seven days." (*Id.*)

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that she is in custody in violation of the laws of the United States, and she is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to address Petitioner's due process claim, particularly as it would result in the same relief.[3] *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release her from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by September 28, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

[3] Petitioner asserts she "will not be given a bond" and that "ICE is not offering Petitioner to be released on parole." (Doc. 1, at 1). To the extent Petitioner contests the result of a previously held bond hearing, "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision."). And the record – which contains no evidence related to a hearing – is not sufficient to establish that any bond hearing held violated Petitioner's due process rights.

P. 72(b)(2).[4] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 21st day of September, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").