**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ALIUSKA MARIN GUERRA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1665-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, Ms. Aliuska Marin Guerra, filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her detention in ICE custody [Doc. No. 1]. The Court referred the matter to United States Magistrate Judge Amanda L. Maxfield, who issued a Report and Recommendation [Doc. No. 9] recommending this Court grant in part Ms. Guerra's Petition and order Respondents to provide her with a prompt bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents objected [Doc. No. 10], so the Court will review de novo those portions of the Report to which they specifically object.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents object to the R&R but acknowledge that *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter.[2] The Court agrees with Judge Maxfield's finding that Ms. Guerra's detention is pursuant to § 1226(a). The Court further

[1] Petitioner did not file an Objection.

[2] Respondents state they do not waive their argument that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) and thus is not entitled to a bond hearing. [Doc. No. 10 at 1].

agrees that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Respondents further state they do not object to Judge Maxfield's recommendation that this Court refrain from considering Ms. Guerra's due process and additional statutory claims. Ms. Guerra has not objected to this finding either, and the Court agrees. It will not address her due process claim.

Accordingly, the Court ADOPTS Judge Maxfield's Report and Recommendation. The Court GRANTS in PART the Petition for writ of habeas corpus [Doc. No. 1] and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release her if she has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 2nd day of October, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**